PER CURIAM.
This disciplinary proceeding by The Florida Bar against Louis C. Rosetti, Jr., a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.-06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
Having considered the pleadings and evidence, the referee found Respondent guilty of:
1. Violating Rule 11.02(2), (3)(a), (b), of the Integration Rule of the Florida Bar;
2. Violating Disciplinary Rule 1-102A(3), (6) of the Florida Code of Professional Responsibility;
3. Violating Disciplinary Rule 6-101(A)(3) of the Florida Code of Professional Responsibility;
4. Violating Disciplinary Rule 1-102(A)(4), (5), (6) of the Code of Professional Responsibility; and
5. Violating Rule 11.02(3)(a) of the Integration Rule of the Florida Bar.
In addition to the referee’s recommendation of disciplinary measures, he made the following observations:
In recommending disciplinary measures, your Referee calls attention to Case No. 6C75-7, File No. 1914, in which this Respondent was cited for similar violations, some of which are commingled in time and substance with the charges brought here.
It is recalled that Respondent was cautioned in that case that his conditional plea, of guilty may well have been an unwise decision, considering circumstances in which the Respondent then found himself. Therefore, in making these recommendations, I wish to consider the violations here as a continuation of those to which Respondent entered a plea of guilty, at least to the extent that it is permitted under the Rules.
In hearing testimony and observing the Respondent, his personal, financial and emotional state, which lead to the previous charges, continued throughout the time that the present occasions of misconduct occurred. While it can be speculated that Respondent voluntarily should have ceased practice during these periods of instability, his dilemma in making such a decision, can readily be understood. His only tool to support his family is practicing law, and his pride prevented him from confiding in colleagues and seeking assistance.
All the charges are based on inexcusable neglect, and totally absent is any evidence that this Respondent is guilty of anything other than his past demonstrated inability to cope with the rigors attendant to the practice of law. Such demonstrated incompetence cannot be permitted to continue unchecked. It is the responsibility of every practitioner to uphold the Rules set by the Supreme Court, which are designed to preserve the integrity and reputation of the lawyer who daily encounters the arduous tasks in his profession.
The issue simply is whether, and if, the Respondent shall be given the opportunity to prove that he, as he vehemently contends, is now equipped to handle his office law practice. Obviously, even if we are satisfied that such is the case, complete freedom to practice law without further and periodic checks on his ability to perform such duties, cannot be granted.
Having heard and observed this witness, your Referee is convinced of Respondent’s sincerity and conviction that, given an opportunity he can now function *364 as a practicing lawyer. The improyement in his demeanor and appearance is no less than dramatic.
In making the recommendations for discipline below, cognizance of the previous charges and disciplinary measures, was not taken lightly. Your Referee, however, has the advantage to have been Referee in that proceeding, and reiterates the belief that a conditional plea was unwise. A full hearing would, in all probability, have produced a difference [sic] decision. Equity and common sense, then, compel a recommendation based on consideration of both cases as one.
The referee recommends the following:
1. That the Respondent receive a public reprimand;
2. That Respondent be placed on supervised probation for a period of three (3) years, the conditions of which shall be:
(a) The filing by Respondent with the Clerk of the Supreme Court, with a copy to The Florida Bar, at three month intervals, (1) the names of clients for whom legal work has been completed during that period, with a statement of its nature; (2) a statement that all legal services, for which Respondent has been engaged by clients, has been performed to the extent that due diligence requires; and (3) a statement by Respondent’s counsel, Richard T. Earle, Jr., that he has met with Respondent periodically, reviewed his performance and work product, and that it is satisfactory; and
(b) Failure to observe the conditions of the probation, or a finding of probable cause as to conduct of the respondent committed during the period of probation, shall terminate the probation. In such event, even though such finding of probable cause shall be made after the expiration of the period of probation the judgment shall be reconsidered and an appropriate judgment shall be entered. On termination of probation for failure to observe the conditions of probation or on a finding of probable cause for misconduct committed during the period of probation the attorney may be punished for contempt or suspended from the practice of law on petition by The Florida Bar and any such suspension shall continue until the respondent may be reinstated to the practice of law as provided elsewhere in these rules. Fla.Bar Integr.Rule Art. XI, Rule 11.10(1).
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Louis C. Rosetti, Jr., is hereby publicly reprimanded and placed on supervised probation for a period of three (3) years. The publication of this order and judgment shall constitute a public reprimand.
Costs in the amount of $346.86 are hereby taxed against the respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ALDERMAN and MCDONALD, JJ., concur.